FILED

2020 Oct-14  AM 09:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| Quiana Heard, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No.: |
| | ) |
| Equifax Information Services, LLC, | ) |
| Trans Union, LLC, | ) |
| Comenity Bank, | )   DEMAND FOR JURY TRIAL |
| Tower Loan | ) |
| Credit One Bank, N.A. | ) |
| | ) |
| | ) |
| Defendant(s). | ) |
| | ) |
| _____ | ) |

## **COMPLAINT**

Plaintiff Quiana Heard ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Community Equifax Information Services, LLC ("Equifax"), Defendant Transunion, LLC ("Transunion"), Defendant Comenity Bank ("Comenity"), Defendant Tower Loan ("Tower"), and Defendant Credit One Bank, N.A. ("Credit One") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## **JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3.  Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## **PARTIES**

4.  Plaintiff is a resident of this State, and District with a mailing address at 422 Chapelridge Pl., Gardendale, AL 35071.

5.  At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6.  Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in Alabama and may be served with process upon Corporation Service Company, Inc. its registered agent for service of process at 641 South Lawrence Street, Montgomery, AL 36104.

7.  At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

8.  At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9.  Defendant TransUnion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Alabama, and may be served with process upon Corporation Service Company, Inc. its registered agent for service of process at 641 South Lawrence Street, Montgomery, AL 36104.

10. At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

11. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Comenity Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service at 3100 Easton Square Place Columbus, OH 43219.

13. Defendant Tower Loan of MS is a limited liability company as well as a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at for service 406 Liberty Park Ct. Flowood, MS 39232.

14. Defendant Credit One Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 585 Pilot Rd. Las Vegas, NV 89119.

## **FACTUAL ALLEGATIONS**

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Comenity Bank Dispute and Violation

16. On information and belief, on a date better known to Defendant Transunion, Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding the Plaintiff's Comenity Bank account, co-branded with New York & Co.

17. The inaccurate information furnished by Defendant Comenity and published by Transunion is inaccurate because the tradeline includes inaccurate and false late payment notations.

18. Furthermore, on the Plaintiff's Transunion credit report, this Comenity tradeline fails to include a record of Plaintiff's timely payments prior to the purported late payments, thereby falsely and inaccurately portraying Plaintiff's payment history in a more negative light.

19. Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

20. Plaintiff notified Transunion that she disputed the accuracy of the information being reported, with a dispute letter sent on or around October 16, 2018.

21. It is believed, and therefore averred, that Transunion notified Defendant Comenity of the Plaintiff's dispute.

22. Upon receipt of the dispute of the account from the Plaintiff by Transunion, Comenity failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

23. Had Comenity done a proper investigation it would have been revealed to Comenity that the account contains incorrect late payment notations, and improperly suppressed positive reporting.

24. Furthermore, Comenity failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

25. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Transunion did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

26. Transunion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a
reasonable investigation and failed to delete or correct the disputed trade line within
30 days of receiving Plaintiff's dispute letter.

27. Specifically, Transunion failed to send a response to the Plaintiff's dispute as required
by the FCRA.

28. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate
such inaccurate information to other third parties, persons, entities and credit grantors.

29. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a
decreased credit score due to the inaccurate information on Plaintiff's credit file and a
chilling effect on future applications for credit.

<u>Defendant Tower Dispute and Violation</u>

30. On information and belief, on a date better known to Defendants Equifax and
Transunion ("the Bureaus"), the Bureaus prepared and issued credit reports
concerning the Plaintiff that included inaccurate information regarding the Plaintiff's
Tower account.

31. The inaccurate information furnished by Defendant Tower and published by the
Bureaus is inaccurate because the tradeline includes inaccurate and false late payment
notations and an incorrect account status.

32. The Bureaus have been reporting this inaccurate information through the issuance of
false and inaccurate credit information and consumer reports that they have
disseminated to various persons and credit grantors, both known and unknown.

33. Plaintiff notified the Bureaus that she disputed the accuracy of the information being reported, with separate dispute letter sent on or around October 16, 2018.

34. It is believed, and therefore averred, that the Bureaus notified Defendant Tower of the Plaintiff's dispute.

35. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, Tower failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

36. Had Tower done a proper investigation it would have been revealed that the account lists false late entries and an incorrect status.

37. Furthermore, Tower failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

38. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

39. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade lines within 30 days of receiving Plaintiff's dispute letter.

40. Specifically, the Bureaus failed to send a response to the Plaintiff's disputes as required by the FCRA.

41. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

42. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

<u>Credit One Dispute and Violation</u>

43. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding the Plaintiff's Credit One Bank credit card.

44. The inaccurate information furnished by Defendant Credit One and published by Equifax is inaccurate because the tradeline includes inaccurate and false late payment notations.

45. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

46. Plaintiff notified Equifax that she disputed the accuracy of the information being reported, with a dispute letter sent on or around October 16, 2018.

47. It is believed, and therefore averred, that Equifax notified Defendant Credit One of the Plaintiff's dispute.

48. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Credit One failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

49. Had Credit One done a proper investigation it would have been revealed to Credit One that the account contains incorrect late payment notations.

50. Furthermore, Credit One failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

51. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

52. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

53. Specifically, Equifax failed to send a response to the Plaintiff's dispute as required to do so under the law.

54. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

55. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Equifax)**

56. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

57. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

58. Equifax Information Services violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax Information Services maintained concerning the Plaintiff.

59. Equifax Information Services has willfully and recklessly failed to comply with the Act. The failure of Equifax Information Services to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax Information Services had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax Information Services to delete;

h) The failure to take adequate steps to verify information Equifax Information Services had reason to believe was inaccurate before including it in the credit report of the consumer.

52. As a result of the conduct, action and inaction of Equifax Information Services, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

53. The conduct, action and inaction of Equifax Information Services was willful rendering Equifax Information Services liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

54. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax Information Services in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Quiana Heard, an individual, demands judgment in her favor against Defendant, Equifax Information Services, LLC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Equifax)

55. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

57. Equifax Information Services violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

58. Equifax Information Services has negligently failed to comply with the Act. The failure of Equifax Information Services to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax Information Services had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax Information Services to delete;

h) The failure to take adequate steps to verify information Equifax Information Services had reason to believe was inaccurate before including it in the credit report of the consumer.

59.   As a result of the conduct, action and inaction of Equifax Information Services, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

60.   The conduct, action and inaction of Equifax Information Services was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

61.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax Information Services in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Quiana Heard, an individual, demands judgment in her favor against Defendant, Equifax Information Services, LLC, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.


### THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Transunion)**

62.     Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

63.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

64.     Transunion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

65.     Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

66. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

67. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

68.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion
in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Quiana Heard, an individual, demands judgment in her favor against
Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15
U.S.C. § 1681n.


## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

69.     Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully
state herein with the same force and effect as if the same were set forth at length herein.

70.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681
*et seq*.

71.     Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from
the credit file of the Plaintiff after receiving actual notice of such inaccuracies and
conducting reinvestigation and by failing to maintain reasonable procedures with which
to verify the disputed information in the credit file of the Plaintiff.

72.     Transunion has negligently failed to comply with the Act. The failure of Transunion to
comply with the Act include but are not necessarily limited to the following:

a)  The failure to follow reasonable procedures to assure the maximum possible
accuracy of the information reported;

b)  The failure to correct erroneous personal information regarding the Plaintiff
after a reasonable request by the Plaintiff;

c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d)  The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

73.  As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

74.  The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

75.  The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Quiana Heard, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Comenity)

76.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

77.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

78.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

79.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

80.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

81. The Defendant Comenity violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

82. Specifically, Defendant Comenity continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate late payment notations, and suppressed positive data.

83. Had Comenity done a reasonable investigation they would have seen that the late payments were false and inaccurate, as well as the suppressed positive data.

84. Additionally, Defendant Comenity failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

85. As a result of the conduct, action and inaction of the Defendant Comenity, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

86. The conduct, action and inaction of Defendant Comenity was willful, rendering Defendant Comenity liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

87. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Quiana Heard, an individual, demands judgment in her favor against Defendant Comenity for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Comenity)

88. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

89. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

90. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

91. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

92. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

93. Defendant Comenity is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

94. After receiving the Dispute Notice from Transunion, Defendant Comenity negligently failed to conduct its reinvestigation in good faith.

95. A reasonable investigation would require a furnisher such as Defendant Comenity to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

96. Had Comenity done a reasonable investigation they would have seen that the late payments were false and inaccurate, as well as the suppression of the positive data.

97. Additionally, Defendant Comenity failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

98. The conduct, action and inaction of Defendant Comenity was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

99. As a result of the conduct, action and inaction of the Defendant Comenity, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

100.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Comenity in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Quiana Heard, an individual, demands judgment in her favor against Defendant Comenity, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### SEVENTH CAUSE OF ACTION

#### (Willful Violation of the FCRA as to Tower)

101.　Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

102.　This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

103.　Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

104.　Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

105.　The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

106.    The Defendant Tower violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

107.    Specifically, Defendant Tower continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and untrue late payment notations.

108.    Had Tower done a reasonable investigation they would have seen that the late payments were false and inaccurate.

109.    Additionally, Defendant Tower failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

110.    As a result of the conduct, action and inaction of the Defendant Tower, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

111.    The conduct, action and inaction of Defendant Tower was willful, rendering Defendant Tower liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

112.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Tower in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Quiana Heard, an individual, demands judgment in her favor against Defendant Tower for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## EIGHTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Tower)

113.   Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

114.   This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

115.   Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

116.   Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

117.   The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

118.    Defendant Tower is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

119.    After receiving the Dispute Notices from the Bureaus, Defendant Tower negligently failed to conduct its reinvestigation in good faith.

120.    A reasonable investigation would require a furnisher such as Defendant Tower to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

121.    Had Tower done a reasonable investigation they would have seen that the late payments were false and inaccurate.

122.    Additionally, Defendant Tower failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

123.    The conduct, action and inaction of Defendant Tower was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

124.    As a result of the conduct, action and inaction of the Defendant Tower, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

125.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Tower in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Quiana Heard, an individual, demands judgment in her favor against Defendant Tower, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## NINTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Credit One)

126.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

127.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

128.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

129.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

130.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

131.    The Defendant Comenity violated 15 U.S.C. § 1681s-2 by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

132.    Specifically, Defendant Credit One continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and untrue late payment notations.

133.    Had Credit One done a reasonable investigation they would have seen that the late payments were false and inaccurate.

134.    Additionally, Defendant Credit One failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

135.    As a result of the conduct, action and inaction of the Defendant Credit One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

136.    The conduct, action and inaction of Defendant Credit One was willful, rendering Defendant Credit One liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

137.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Credit One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Quiana Heard, an individual, demands judgment in her favor against Defendant Credit One for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## TENTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Credit One)

138. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

139. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

140. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

141. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

142. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

143. Defendant Credit One is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

144. After receiving the Dispute Notice from Equifax, Defendant Credit One negligently failed to conduct its reinvestigation in good faith.

145. A reasonable investigation would require a furnisher such as Defendant Credit One to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

146. Had Credit One done a reasonable investigation they would have seen that the late payments were false and inaccurate.

147. Additionally, Defendant Credit One failed to continuously mark the account as disputed despite receiving notice of the Plaintiff's dispute.

148. The conduct, action and inaction of Defendant Credit One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

149. As a result of the conduct, action and inaction of the Defendant Credit One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

150. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Credit One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Quiana Heard, an individual, demands judgment in her favor against Defendant Credit One, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

151.  Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)  For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: October 13, 2020                                     Respectfully Submitted,


                                                                       */s/ David I. Schoen*
                                                                       By:  David I. Schoen, Esq.,

Alabama Bar No. 0860-O42D
2800 Zelda Road, Suite 100-6
Montgomery, AL, 36106
Phone: 334-395-6611
Fax: 917-591-7586
Email: Schoenlawfirm@gmail.com
*Attorneys for Plaintiff*


/s/Yaakov Saks
Yaakov Saks, Esq.
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Email: ysaks@steinsakslegal.com
*Attorneys for Plaintiff*

PRO HOC VICE APPLICATION
TO BE FILED